1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT
                             WESTERN DISTRICT OF WASHINGTON
9                                       AT SEATTLE

10   ASSURANCE COMPANY OF                    CASE NO. 11-1662 MJP
     AMERICA,
11                                            ORDER DENYING DEFENDANT
                          Plaintiff,          PREMIUM CONSTRUCTION
12                                            GROUP'S MOTION FOR
            v.                                SUMMARY JUDGMENT
13
     PREMIUM CONSTRUCTION
14   GROUP, INC., et al.,

15                        Defendants.

16

17          This matter comes before the Court on Defendant Premium Construction Group's motion

18   for summary judgment. (Dkt. No. 20.) Having reviewed the motion, Plaintiff Assurance

19   Company of America's response (Dkt. No. 23), the reply (Dkt. No. 28), and all related papers,

20   the Court DENIES the motion.

21

22

23

24

ORDER DENYING DEFENDANT PREMIUM
CONSTRUCTION GROUP'S MOTION FOR
SUMMARY JUDGMENT- 1

1                                    **Background**

2          This is a construction defect case brought by an insurance company as subrogee to a

3   developer who incurred substantial expenses due to defects in the construction of a commercial

4   structure in Woodinville. Plaintiff Assurance Company of America ("Assurance") is the insurer

5   of Wellington Hills Park, LLC ("Wellington"), the developer of the Wellington Business Park

6   ("Project"). Assurance insured Wellington throughout the construction of the Project. (Dkt. No.

7   25 at 1.)

8          On or about February 11, 2005, Wellington contracted with Defendant Seavestco, Inc. for

9   construction supervision and management services to build the Project. (Dkt. No. 21, Ex. 1 at 5.)

10  On July 23, 2007, Wellington entered into a contract with Premium Construction Group, Inc.

11  ("Premium"), to perform underground utilities work, including installation of sewer water and

12  storm drainage at the Project. (Dkt. No. 22 at 1-2.) This is called the Prime Contract Agreement

13  ("Contract"). (<u>Id.</u>) The Contract contained a Limitation of Liability provision stating:

14          "In no event shall CONTRACTOR be liable to COMPANY or COMPANY's
            insurers for: any damage resulting from loss, diminished or delayed use or utility
15          of any facility, plant or operation, owned and/or operated by COMPANY, which
            is located on the Project site where services hereunder are being rendered; lost,
16          delayed or diminished profits or opportunities; or incidental, special, indirect, or
            consequential damages of any kind resulting from CONTRACTOR'S
17          performance under this Agreement."

18  (Dkt. No. 22, Ex. 1 at 10.)

19         Construction of the Project involved work on two retaining walls. (Compl. at ¶ 9.) During

20  their work on the project, Premium and Seavestco allegedly blocked drain lines from the

21  retaining walls by placing approximately six feet of compacted soil over the discharge area for

22  the drain lines. (<u>Id.</u> at ¶ 10.) This blockage allegedly caused an accumulation of water which

23  displaced and deformed the retaining walls, necessitating their reconstruction. (<u>Id.</u> at ¶¶ 11-12.)

24

Wellington submitted a claim to Assurance for property damage relating to the failure of the retaining walls. (Dkt. No. 25 at 1.) Assurance paid $2,878,440.47 to indemnify Wellington for amounts Wellington paid to repair the property damage. (Id. at 1-2.) Wellington subrogated its claims against Seavestco and Premium to Assurance. (Compl. at ¶ 14.)

Assurance, as subrogee to Wellington, filed its complaint against both Seavestco and Premium on October 5, 2011 seeking compensation for the damages it alleges the two defendants caused in constructing the Project. Premium now moves for summary judgment on Assurance's claims for breach of contract and negligence. (Dkt. No. 20; Compl. at ¶¶ 24-29.)

Premium moves for summary judgment of Assurance's breach of contract claim on the theory that the Contract's Limitation of Liability provision excludes Assurance's claim for repair damages because they are allegedly special damages. The Limitation of Liability provision specifically excludes Premium's liability for "incidental, special, indirect or consequential" damage of any kind, but does not define those terms. (Dkt. No. 22, Ex. 1 at 10.)

**Analysis**

A.  Summary Judgment Standard

Federal Rule 56(a) states a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court views the underlying facts in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The moving party has the burden to show the absence of a genuine issue of material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). Once the moving party has met its initial burden, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Per the Contract, Washington law governs this dispute. (Dkt. No. 22 at 10.)

B.  The Limitation of Liability Provision

The Court denies Premium's motion for summary judgment on Assurance's breach of contract claim. The Contract's Limitation of Liability provision does not exclude Assurance's claim because the cost of repairing damage to the retaining walls is a general damage, not a special or consequential damage.

Washington courts construe undefined contract terms using the objective manifestation theory of contract interpretation. See Hearst Commc'ns v. Seattle Times Co., 154 Wn.2d 493, 503 (2005). When interpreting a contract, a court imputes an intention corresponding to the reasonable meaning of the words used, and words are given their ordinary, usual, and popular meaning unless the entirety of the agreement clearly demonstrates otherwise. Id. at 504. A court strictly construes exculpatory clauses and any exemption from liability must be clear if it is to be enforced. Scott By and Through Scott v. Pac. W. Mountain Resort, 119 Wn.2d 484, 490 (1992).

The common law distinction between special and general damages is instructive to interpreting the Limitation of Liability provision in the Contract. In breach of contract cases, the distinction between consequential or special damages and general or direct damages is defined by the level of foreseeability the parties had at the time the contract was made of the possible harm resulting from breach. WPI 303.01; Restatement (Second) of Contracts § 351 (1981). General or direct damages are foreseeable damages because they occur in the ordinary course of events. WPI 303.01; Restatement (Second) of Contracts § 351 (1981). In contrast, special or consequential damages are those that occur as a result of special circumstances, beyond the ordinary course of events, which the party in breach will be aware of at the time of contract formation only if notified of such circumstances. WPI 303.01; Restatement (Second) of Contracts 351 (1981). In Washington, the measure of direct damages in a breach of a construction contract case is the reasonable cost of completing performance or remedying defects

1   in the construction. WPI 303.03; <u>Panorama Vill. Homeowners Ass'n v. Golden Rule Roofing,</u>

2   <u>Inc.</u>, 102 Wn. App. 422, 427 (2000).

3        The Limitation of Liability provision applies only to special damages as that term is

4   defined by Washington law. That is, the provision excludes only damages such as lost profits or

5   lost use, not damage to the structure or building caused by the work of the Defendants. The

6   language of the disputed provision supports this reading. It discusses "loss, diminished or

7   delayed use or utility of any facility" and lost profits, which are classic consequential, not

8   general damages. (Dkt. No. 22, Ex. 1 at 10.) This is also the narrowest interpretation of the

9   provision, which abides by Washington law on construction of liability limitations. <u>See</u> <u>Scott</u>,

10  119 Wn.2d at 490.

11       Premium's argument that the cost of repair is excluded under the Limitation of Liability

12  provision as either consequential or special damages fails because the cost of repair constitutes a

13  general damage. Premium and Assurance contracted for underground utilities work, including

14  installation of sewer, water, and storm drainage at the Project. (Dkt. No. 22 at 1-2.) During this

15  work, Premium and Seavestco allegedly blocked drain lines from the retaining walls by placing

16  approximately six feet of compacted soil over the discharge area for the drain lines. (Dkt. No. 1

17  at ¶ 10.) The cost of repair in this case is not a consequential or special damage because the water

18  damage to the retaining walls is not an indirect result of Premium's conduct or a special

19  circumstance. It is not akin to loss of profits or revenue, as is typical of special damages. The

20  cost of repair in this case is more reasonably characterized as a general damage because the

21  water damage to the retaining walls flows directly and immediately from Premium's alleged

22  blockage of the drainage lines. (<u>Id.</u> at ¶¶ 11-12.) The Limitation of Liability provision does not

23  apply to these damages. Therefore, the Court denies Premium's motion for summary judgment.

24

ORDER DENYING DEFENDANT PREMIUM
CONSTRUCTION GROUP'S MOTION FOR
SUMMARY JUDGMENT- 5

1 **Conclusion**

2     The plain language of the Contract's Limitation of Liability provision excludes

3 Premium's liability for "incidental, special, indirect or consequential" damages only and does not

4 exclude Assurance's claim for repair the retaining wall, a general damage. Because Premium has

5 not shown the parties mutually intended for general property damages to be considered

6 "incidental, special, indirect or consequential," the Court DENIES Premium's motion for

7 summary judgment.

8     The clerk is ordered to provide copies of this order to all counsel.

9     Dated this 16th day of April, 2012.

10

11

12                         Marsha J. Pechman

13                         United States District Judge

14

ORDER DENYING DEFENDANT PREMIUM
CONSTRUCTION GROUP'S MOTION FOR
SUMMARY JUDGMENT- 6