1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

10  ASSURANCE COMPANY OF
    AMERICA,

11
                        Plaintiff,

12
            v.

13
    PREMIUM CONSTRUCTION
14  GROUP, INC., and SEAVESTCO,
    INC.,

15
                        Defendants.

16

CASE NO. C11-1662 MJP

ORDER DENYING DEFENDANT
SEAVESTCO INC.'S MOTION FOR
SUMMARY JUDGMENT

17
18      This matter comes before the Court on Defendant Seavestco Inc.'s motion for summary

19  judgment. (Dkt. No. 31.) Having reviewed the motion, Plaintiff Assurance Company of

20  America's response (Dkt. No. 39), Defendant Premium Construction Group's response (Dkt. No.

21  37), the reply (Dkt. No. 44), and all related papers, the Court DENIES the motion.

                                    **Background**

22
23      This is a negligence and breach of contract case brought by an insurance company as

24  subrogee to a developer who incurred substantial expenses repairing damage to a commercial

ORDER DENYING DEFENDANT SEAVESTCO
INC.'S MOTION FOR SUMMARY JUDGMENT- 1

1   structure it created in Woodinville. Plaintiff Assurance is the insurer of Wellington Hills Park,

2   LLC ("Wellington"), the developer of the Wellington Business Park ("Project"). Assurance

3   alleges that during Seavestco's work on the project it allegedly blocked drain pipes leading from

4   retaining walls causing water to accumulate and displace the walls (Compl. at ¶¶ 10-12.)

5   Following the discovery of the retaining wall failure in December 2008, Wellington submitted a

6   claim to Assurance for property damage relating to the failure of the retaining wall. (Dkt. No. 25

7   at 1.) Assurance paid $2,878,440.47 to indemnify Wellington for amounts Wellington paid to

8   repair the property damage. (Id. at 1-2.)

9        Assurance insured Wellington throughout the construction of the Project under a

10  commercial inland marine insurance policy, number EC 4366203 ("Policy"). (Dkt. No. 42-1 at 1;

11  Compl. ¶ 4.) In a section of the Policy entitled Commercial Inland Marine Conditions, the Policy

12  explains Assurance's right to subrogation. (Dkt. No. 42-1 at 14.)  The section states "if any

13  person or organization to or for whom we make payment under this Coverage Part has rights to

14  recover damages from another, those rights are transferred to us to the extent of our payment."

15  (Id. at 14.)  These conditions "apply in addition to the Common Policy Conditions and applicable

16  Additional Conditions in Commercial Inland Marine Coverage Forms."  (Id.)  The Policy

17  contains a Builders Risk and Installation Coverage Form ("Coverage Form"), which covers

18  certain losses and damages to property. (Id. at 12, 18.) This Coverage Form is part of the Policy

19  and "is also subject to all Conditions in the . . . Commercial Inland Marine Conditions forms."

20  (Id. at 18.)  One such "Commercial Inland Marine Conditions forms" contains Assurance's right

21  to subrogation set out above.  (Id. at 14.)

22       Seavestco's work on the project was primarily focused on construction supervision and

23  management.  On or about February 11, 2005, Wellington contracted with Seavestco for such

24

ORDER DENYING DEFENDANT SEAVESTCO
INC.'S MOTION FOR SUMMARY JUDGMENT- 2

1    services. (Dkt. No. 32 at 7.) The Contract identified Randy Previs as the project manager with

2    primary responsibility for supervision of Seavestco's work. (Id. at 8.) Previs is the principal of

3    both Seavestco and Wellington. (Dkt. No. 40-1 at 4.) Under the Contract, Seavestco agreed to

4    provide construction and sub-contractor management for Wellington sub-contracts, complete the

5    entitlement process for buildings A and B, and construct the east and west walls, among other

6    things. (Dkt. No. 32 at 7.) Under the Contract, termination was to occur "upon satisfactory

7    completion of the work and final payment by the Owner." (Id. at 11.) The parties agreed the term

8    "completion of work" meant "100% completion and not substantial completion." (Id. at 8.)

9          Assurance filed its complaint as Wellington's subrogee against both Seavestco and

10   Premium. Assurance's complaint includes two separate causes of action against Seavestco: (1)

11   breach of contract, and (2) negligence.  Assurance claims Seavestco breached its agreement with

12   Wellington, and its implied duty to perform its work in "a good and workerlike [sic] manner,"

13   when it blocked the retaining wall drain lines with six feet of compacted soil. (Compl. at ¶¶ 15-

14   18.) Assurance's second cause of action is for negligence.  Assurance alleges Seavestco breached

15   its duty to perform its work in a reasonable manner when it blocked the retaining wall drain

16   lines, failed to maintain open drain lines for the retaining wall, and failed to supervise the actions

17   of its subcontractors or other contractors. (Id. at ¶¶ 19-22.)

18         Seavestco filed this summary judgment motion seeking dismissal of both claims. (Dkt.

19   Nos. 31, 34.)  First, Seavestco argues it is not liable for breach of contract because its contract

20   with Wellington terminated before the retaining wall failed. (Dkt. No. 44 at 4.) Second,

21   Seavestco contends the Court should dismiss Assurance's negligence cause of action because it

22   is a claim for negligent construction, which is barred by Washington law. (Dkt. No. 31 at 6-7.)

23

24

1   Third, Seavestco argues the Court should dismiss Assurance's claims because Wellington never

2   assigned its rights to Assurance and that Assurance is not the subrogee. (Id. at 1-2.)

3                                          **Analysis**

4   A.   Summary Judgment Standard

5           The Court "shall grant summary judgment if the movant shows that there is no genuine

6   dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

7   Civ. P. 56(a). The Court views the underlying facts in the light most favorable to the party

8   opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587

9   (1986). The moving party has the burden to show the absence of a genuine issue of material fact.

10  Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). Once the moving party has met its

11  initial burden, the nonmoving party must "designate specific facts showing that there is a

12  genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

13  B.   Breach of Contract

14          Summary judgment is not appropriate on Assurance's breach of contract claim because

15  Seavestco cannot establish it completed its performance under the Contract prior to the accident.

16          Under the Contract between Seavestco and Wellington, termination occurs "upon

17  satisfactory completion of the work and final payment by the Owner." (Dkt. No. 32 at 11.) The

18  parties agreed the term "completion of work" meant "100% completion and not substantial

19  completion." (Id. at 8.) Assurance does not dispute Seavestco received a final payment from

20  Wellington. (Dkt. No. 39 at 7.) That does not end the inquiry, as there still must be evidence that

21  Seavestco completed all work prior to loss.  As explained below, it did not. (Id. at 7-8.)

22          Seavestco did not complete all of its work under the Contract prior to the loss, and cannot

23  obtain dismissal of the breach of contract claim on the theory it was terminated prior to loss.

24  Under the Contract, Seavestco agreed to provide construction management for Wellington

1    subcontractors, complete the entitlement process for buildings A and B, and construct walls.

2    (Dkt. No. 32 at 7.)  None of these projects were complete prior to loss.  First, Seavestco does not

3    dispute that as of March 21, 2012, it has not yet completed the entitlement process for the

4    Project. (Dkt. No. 40-1 at 9.) Second, Seavestco did not manage Wellington's subcontractors

5    throughout construction, despite the fact the Contract required Previs to do so. (Dkt. No. 32 at 7-

6    8.) Seavestco admits Previs did not manage the Project as the Seavestco Project Manager

7    between February and December 2008. (Dkt. No. 44 at 2-3.) Third, Seavestco alleges that it did

8    not work on the project between July 2008 and December 2008; rather, its employees became

9    employees of Wellington during that time. (Dkt. No. 31 at 3.) Because Seavestco cannot show

10   that it performed and completed the work, the Court cannot conclude the contract was terminated

11   prior to loss.  The Court DENIES the motion for summary judgment on Assurance's breach of

12   contract claim.

13   C.  Negligence

14        Seavestco erroneously contends Assurance's negligence cause of action is a claim for

15   negligent construction barred by Stuart v. Coldwell Banker, 109 Wn.2d 406, 421-22 (1987).

16        In Stuart, the Washington Supreme Court held that homeowners cannot bring tort actions

17   for negligent construction based solely on economic loss because such loss must be remedied by

18   contract law, not tort. Id. at 417-21. In Stuart, the plaintiff homeowner brought a cause of action

19   against defendant developer for negligently constructing decks and walkways, which

20   deteriorated from weather exposure. Id. at 410, 421.

21        Assurance does not pursue negligent construction claims.  The complaint alleges

22   Seavestco acted negligently when it blocked the retaining wall drain lines, failed to maintain

23   open drain lines for the retaining wall, and failed to supervise the actions of its subcontractors or

24   other contractors. (Id. at ¶¶ 19-22.) These are not claims for negligent construction, but rather for

ORDER DENYING DEFENDANT SEAVESTCO
INC.'S MOTION FOR SUMMARY JUDGMENT- 5

1  straight negligence.  The rule in <u>Stuart</u> is not applicable. The Court DENIES Seavestco's motion

2  on this issue.

3  D.  <u>Subrogation</u>

4      Seavestco incorrectly seeks dismissal of Assurance's claims on the theory that Assurance

5  is not Wellington's proper subrogee.

6      There are two forms of subrogation, equitable and conventional. <u>Mutual of Enumclaw</u>

7  <u>Ins. Co. v. USF Ins. Co.,</u> 164 Wn.2d 411, 423 (2008). Under conventional subrogation, an

8  insurer who receives full contractual assignment of an insured's rights may bring a conventional

9  subrogation claim to enforce those rights. <u>Id.</u> at 424.  The assignment of a right depends on the

10 intent of the parties as shown in the contract. <u>Old Nat'l Bank of Washington v. Arneson</u>, 54 Wn.

11 App. 717, 723 (1989).

12     Seavestco's has failed to show Assurance is not a valid subrogee, and the Court finds

13 Assurance is entitled to conventional subrogation.  The Policy here includes an express provision

14 for subrogation, satisfying the conventional subrogation elements.  Contrary to Seavestco's

15 position, the Builder's Risk and Installation Coverage Form is not only part of the Policy, but it

16 is subject to the subrogation arrangement.  The Builder's Risk form is part of the Policy and it

17 expressly incorporates the Commercial Inland Marine Conditions forms, one of which includes

18 the subrogation agreement.  (Dkt. No. 41-2 at 14, 18.)  The Court DENIES Seavestco's motion

19 on this issue.

20 E.  <u>Motion to Strike</u>

21     Defendant Premium filed a brief opposing Seavestco's motion for summary judgment

22 and asks the Court to strike the declaration of Randy Previs for lack of personal knowledge and

23 speculation over which contractor covered the drain pipe. (Dkt. No. 37.) Because the Court does

24

ORDER DENYING DEFENDANT SEAVESTCO
INC.'S MOTION FOR SUMMARY JUDGMENT- 6

1  not need to consider this information to reach a decision on this motion, it finds Premium's

2  motion is MOOT.

3  **Conclusion**

4  The Court DENIES Seavestco's motion for summary judgment.  Seavestco has failed to

5  show it fully performed the contract prior to loss or that a legal defense to the breach of contract

6  claim exists. Seavestco has also inaccurately construed Assurance's negligence claim as one for

7  negligent construction.  Because Assurance's claim is for negligence, not negligent construction,

8  it is not barred and the Court denies Seavestco's request for its dismissal. Seavestco has also

9  failed to demonstrate any deficiency in Assurance's status as a subrogee to Wellington.

10  The clerk is ordered to provide copies of this order to all counsel.

11  Dated this 21st day of May, 2012.

12

13

14  Marsha J. Pechman

15  United States District Judge

16

17

18

19

20

21

22

23

24